# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2012

Lyle W. Cayce
Clerk

No. 12-40194
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NYTESHIA RACHELE DIAH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-635-2

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nyteshia Rachele Diah appeals her guilty plea conviction of possession with intent to distribute more than 100 kilograms of marijuana, and her sentence of 60 months of imprisonment. She argues that her guilty plea was not knowing and voluntary because the district court failed to adequately explain the nature of the charges against her, the potential results of perjuring herself, and the sentence she would face if she violated the conditions of her supervised release. The district court reviewed the charge against Diah at rearraignment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as did the Government. The district court also reviewed the written plea agreement, which included a statement of the charge to which she was pleading guilty, with Diah at rearraignment. Diah confirmed to the district court that she understood the charge, and had discussed both the charge and the plea agreement with her counsel. Diah has failed to show that the district court clearly or obviously erred in finding that Diah understood the nature of the charges against her. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Reyna*, 130 F.3d 104, 110 (5th Cir. 1997). She does not argue that, but for the omission, she would not have pleaded guilty, and has shown no plain error. *See Puckett*, 556 U.S. at 135.

As to the district court's failure to inform Diah of the Government's right, in a perjury proceeding, to use any statement she made against her, Diah does not claim much less show a reasonable probability that this minor deviation affected her decision to plead guilty. *See United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004). Even if the district court erred in failing to advise Diah that, if she violated the terms of her supervised release, she faced reimprisonment for the entire term of supervised release without credit for time served; *see United States v. Reyes*, 300 F.3d 555, 560 (5th Cir. 2002)*;* Diah does not argue, much less show, that, but for this deviation, she would not have pleaded guilty. *See Puckett*, 566 U.S. at 135. Diah has shown no plain error in the district court's conclusion that her guilty plea was knowing and the district court's judgment is therefore AFFIRMED.